**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PETER WOKWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | 1:18-cv-02477 |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T CORP., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Peter Wokwicz, individually and on behalf of all others similarly situated, upon personal knowledge of the facts pertaining to him and on information and belief as to all other matters, by and through undersigned counsel, brings this Class Action Complaint against Defendant, AT&T Corp., ("AT&T") and hereby states and alleges as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the matter pursuant to §1681(p) of the Fair Credit Reporting Act ("FCRA") and 28 U.S.C. § 1331.

2.      This Court also has supplemental jurisdiction pursuant to 28 U.S.C § 1367 because all other claims are so related to claims in the action within the purview of original jurisdiction they form part of the same case or controversy under Article III of the United States Constitution.

3.      This Court has personal jurisdiction over the Defendant because Plaintiff's claims arise out of Defendant's contact with Illinois.

4.      Venue is proper in this District because: (a) Parts of the acts and transactions occurred here; (b) Defendant transacts substantial business in this District; and, (c) Defendant

1

maintains a registered agent here. Thus, Defendant has contacts within this District sufficient to subject it to personal jurisdiction as if this District were a separate state, rendering Defendant a resident of this District within the meaning of 28 U.S.C. §1391(d).

## II.    STANDING

5.    Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

6.    Specifically, as outlined in more detail below, Plaintiff suffered a concrete injury as a result of Defendant's use of Plaintiff's credit reports for an impermissible purpose, Defendant's failure to both properly protect Plaintiff's personal identifying information from unauthorized disclosure and/or use and to notify Plaintiff once Defendant became aware of such breach, all of which has hampered Plaintiff's credit, caused him pecuniary harm, and has caused him a great deal of mental and emotional anguish.

7.    Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

### III. PARTIES

8.    Plaintiff, Peter Wokwicz ("Plaintiff"), is an individual and is a resident of the State of Illinois.

9.    Defendant, AT&T Corporation, (hereinafter "ATT," "AT&T," or Defendant) is a foreign corporation incorporated and registered under the laws of the State of New York, and is headquartered at 208 South Akard Street, Dallas, TX 75202. Its registered agent is CT Corporation System, who can be found at 208 South LaSalle St., Suite 814, Chicago, IL 60604. It is currently active and in good standing with the Illinois Secretary of State.

10.    At all relevant times hereto, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTS & NATURE OF THE CASE

11.    Plaintiff brings this Class Action against AT&T for its failure to secure and safeguard the Private Information of Plaintiff and others similarly situated residing in or around this district.

12.    AT&T is in the business of collection, assessing, and maintaining the Private Information of millions of consumers around the world.

13.    In or around December 2, 2016, Plaintiff's Private Information was accessed without his authorization and stolen by at least one AT&T employee, Mr. Justin G. Stewart, operating out of its New Lennox, Illinois store.

14.    Upon information and belief, the Private Information originated from inactive accounts previously held by Defendant.

15.     Mr. Stewart utilized the Private Information of Plaintiff in order to access his consumer reports without authorization, for unpermitted purposes, and ultimately in order to open several unauthorized accounts in Plaintiff's name, accounts which racked up phantom charges that were eventually referred to outside collection companies.     Moreover, the unauthorized conduct resulted in unauthorized "credit inquiries" appearing on Plaintiff's credit report, which had a negative impact on Plaintiff's credit scores.

16.     Eventually, Mr. Stewart's scheme was brought to the attention of the authorities. The Will County State's Attorney's Office ultimately indicted Mr. Stewart in June of 2017 in the matter of *People of the State of Illinois vs. Justin G. Stewart*, 2017CF001110 in which Mr. Stewart was charged in a four-count criminal complaint for identity theft stemming from his activity as an employee/agent of Defendant New Lennox, Illinois store.

17.     The information he accessed included names, social security numbers, birth dates, addresses, and driver's license numbers, in addition to, upon information and belief, credit card numbers and other documents containing personal identity information of Plaintiff and others similarly situated ("Private Information") – information that may be in the hands of other criminals not yet known.

18.     After Defendant was made aware of the breach in early 2017, Defendant failed to notify affected and potentially affected individuals, including Plaintiff and other individuals similarly situated.

19.     In addition to the actual accounts of identity theft which have already occurred, Defendant's security failures also put Plaintiff at serious, immediate, and ongoing risk of identity theft, and additionally, has caused costs and expenses to Plaintiff attributable to responding, identifying and correcting damages that were reasonably foreseeable as a result of Defendant's

4

willful and negligent conduct, including responding to debt collection efforts by or on behalf of Defendant through its authorized employees and or agents.

20.     The security breach and or unauthorized disclosure of Private Information was caused and enabled by Defendant's knowing violation of its obligations to secure consumer information. Defendant failed to comply with security standards and allowed the Private Information of potentially hundreds of consumers collected by Defendant to be compromised by cutting corners on security measures that could have prevented or mitigated the breach.

21.     Accordingly, Plaintiff, on behalf of himself and all others similarly situated, asserts claims for violation of the Fair Credit Reporting Act 15 U.S.C. § 1681, et seq. ("FCRA"), the Illinois Consumer Fraud Act, 815 ILCS 505/1, et seq., ("ICFA"), and the Illinois Personal Information Protection Act, 815 ILCS 530/10. Plaintiff seeks monetary damages, punitive damages, statutory damages, and injunctive relief, and all other relief as authorized in equity and by law.

## V.     CLAIMS

### COUNT I: WILLFUL FAILURE TO COMPLY WITH THE FAIR CREDIT REPORTING ACT, 15 U.S.C §1681n

22.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

23.     Plaintiff's and class members' Private Information are consumer reports under the FCRA, because the information bears on, among other things, their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, physical/medical conditions, and mode of living, and is used or collected, in whole or in part, for the purpose of establishing Plaintiff's and the other Class members' eligibility for credit or insurance to be used primarily for personal, family, or household purposes.

5

24.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

25.     At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

26.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

27.     Under 15 U.S.C. 1681b(f) a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

28.     Defendant willfully, knowingly, or with reckless disregard, accessed the consumer reports of Plaintiff and Class members without authorization, failed to inquire into suspicious circumstances despite possessing knowledge that put it on inquiry notice, failed to adequately vet employees in its employ and failed to reasonably monitor its employee and agents' acquisition of customer and former customer consumer reports.

29.     As a further direct and foreseeable result of Defendant willful noncompliance with the FCRA, Plaintiff's and other Class members' consumer reports will remain compromised, and possibly in the possession of unauthorized third parties with fraudulent intent.

30.     Plaintiff and the other Class members seek statutory damages and punitive damages plus the costs of this action together with reasonable attorney's fees as determined by the court.

## COUNT II: NEGLIGENT FAILURE TO COMPLY WITH THE
## FAIR CREDIT REPORTING ACT, 15 U.S.C §1681o

31.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

32.     Defendant negligently failed to adopt and maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. §1691b when it enabled and facilitated the unauthorized access of Plaintiff's and Class members personal information, resulting in the unauthorized access of the consumer reports of Plaintiff and Class members, failed to adequately vet employees in its employ, failed to inquire into suspicious circumstances despite possessing knowledge that put it on inquiry notice, and failed to reasonably monitor its employee and agents' acquisition of customer and former customer consumer reports.

33.     Plaintiff's and the other Class members' consumer reports and Private Information was wrongfully furnished to criminal as a direct and foreseeable result of Defendant's negligent failure to adopt and maintain such reasonable procedures.

34.     As a direct and foreseeable result, Plaintiff's and other Class members' consumer reports were accessed, made accessible to, stolen, furnished, utilized to open up unauthorized accounts, and or sold to unauthorized third parties for illegitimate and unauthorized purposes.

35.     As a result of Defendant's negligent violations of the FCRA, as described above, Plaintiff and the other Class members were (and continue to be) injured and have suffered (and will continue to suffer) the damages described in detail above.

36.     Plaintiff and the other Class members, therefore, are entitled to compensation for their actual damages, as well as attorney's fees, litigation expenses, and costs, pursuant to 15 U.S.C. § 1681o(a).

## COUNT III: VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT
## 815 ILCS 505/2 UNFAIR BUSINESS PRACTICES

37.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38.     Plaintiff and the other members of the Class were subjected to Defendant's unfair or deceptive acts or practices, in violation of 815 Ill. Comp. Stat. 505/2, in failing to properly implement adequate, commercially reasonable security measures to protect their Private Information, including their consumer reports.

39.     Defendant willfully ignored the clear and present risk of the unauthorized access of Plaintiff's and Class members Private Information and failed to implement and maintain reasonable security measures to prevent, detect and mitigate such unauthorized access.

40.     Defendant benefited from not taking preventative measures and implementing adequate security measures that would have prevented, detected, and mitigated the unauthorized access of Plaintiff and Class members' Private Information.

41.     Defendant's failure to implement and maintain reasonable security measures caused and continues to cause substantial injury to Plaintiff and the other Class members that is not offset by countervailing benefits to consumers or competition or reasonable avoidable by consumers.

42.     Defendant's conduct offends public policy and is immoral, unethical, oppressive, and unscrupulous, and causes substantial injury to consumers.

43.     Plaintiff's and the other Class members' injuries were proximately caused by Defendant's violations of the ICFA, which was conducted with reckless indifference toward the rights of others, such that an award of punitive damages is warranted.

**COUNT IV: VIOLATION OF THE ILLINOIS PERSONAL INFORMATION
PROTECTION ACT FAILURE TO PROVIDE EXPEDIENT NOTICE, 815 ILCS 530/10**

44.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

45.     Plaintiff and the Class members' Private Information is Personal Information within the meaning of 815 ILCS 530/5.

46.     Defendant is a Data Collector within the meaning of 815 ILCS 530/5.

47.     Defendant violated 815 ILCS 530/10(a) by failing to notify Illinois residents at no charge of the security breach and or unauthorized access of Personal Information at all, let along in an expedient time period and without reasonable delay. Defendant learned of the breach/unauthorized access as early as April 2017, but failed to notify any of the affected persons.

48.     Plaintiff and the other Class members have suffered actual damages including improper disclosure of their Private Information, lost value of their Private Information, lost time and money incurred to mitigate and remediate the effects of the breach/unauthorized access and violation of the PIPA, including the increased risk of identity theft that resulted and continues to face them.

49.     Plaintiff's and the other Class members' injuries were proximately caused by Defendant's violations of the PIPA, which was conducted with reckless indifference toward the rights of others, such that an award of punitive damages is warranted.

**COUNT V: VIOLATION OF THE ILLINOIS PERSONAL INFORMATION
PROTECTION ACT FAILURE TO IMPLEMENT AND MAINTAIN REASONABLE
SECURITY, 815 ILCS 530/45**

50.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

51.     Plaintiff and the Class members' Private Information is Personal Information within the meaning of 815 ILCS 530/5.

9

52.    Defendant is a Data Collector within the meaning of 815 ILCS 530/5.

53.    Defendant violated 815 ILCS 530/45 by failing to implement and maintain reasonable security measures to protect the Private Information from unauthorized access, acquisition, destruction, use, modification, or disclosure.

54.    Plaintiff and the other Class members have suffered actual damages including improper disclosure of their Private Information, lost value of their Private Information, lost time and money incurred to mitigate and remediate the effects of the Security Breach and violation of PIPA, including the increased risk of identity theft that resulted and continues to face them.

55.    Plaintiff's and the other Class members' injuries were proximately caused by Defendant's violations of the PIPA, which was conducted with reckless indifference toward the rights of others, such that an award of punitive damages is warranted.

## COUNT VI: NEGLIGENCE

56.    Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

57.    Defendant owed numerous duties to Plaintiff and the other members of the Class, including:

   a.  To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting Private Information in its possession; \

   b.  To protect Private Information in its possession using reasonable and adequate security procedures that are compliant with industry-standard practices; and

   c.  To implement processes to quickly detect a data breach and or unauthorized access and to timely act on warnings about data breaches, including promptly notifying Plaintiff and the other members of the Class of breaches of information and or unauthorized disclosure of Private Information in its possession.

58.    Defendant knew or should have known the risks of collecting and storing Private Information and the importance of maintaining secure systems.

10

59. Defendant knew or should have known that its systems did not adequately safeguard Plaintiff's and the other Class members' Private Information.

60. Defendant breached the duties it owed to Plaintiff and Class members in several ways, including:

    a. By failing to implement adequate security systems, protocols and practices sufficient to protect customer Private Information and thereby creating a foreseeable risk of harm;

    b. By failing to comply with the minimum industry data security standards; and

    c. By failing to timely and accurately discovery and disclose to customers that their Private Information had been improperly acquired or accessed.

61. But for Defendant's wrongful and negligent breach of the duties it owed to Plaintiff and the other Class members, their Private Information would not have been compromised.

62. The injury and harm that Plaintiff and the other Class members suffered was the direct and proximate result of AT&T'S negligent conduct.

## VI.    CLASS ACTION ALLEGATIONS

63. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

64. Plaintiff, Peter Wokwicz, individually and on behalf of all others similarly situated, seeks the approval of the following class: (a) all individuals with Illinois addresses, (b) from whom Defendant AT&T allowed unauthorized access to Private Information, (c) from whom AT&T utilized credit reports for an unpermitted purpose, (d) in connection with the New Lennox, Illinois AT&T store, (e) from 24 months prior to the date of the filing of this Complaint.

65. The Class consists of more than 35 persons from whom Defendant allowed the unauthorized access and or disclosure of Private Information.

66. Plaintiff Wokwicz's claims are typical of the claims of the Class. Common question of law or fact raised by this class action complaint affect all members of the Class and

predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

67.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either by dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

68.     Defendant acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

69.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FCRA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Certifying the Class as requested herein, designating Plaintiff Peter Wokwicz as Class Representative, and appointment of David Marco and Robert J. Tomei Jr., as Class Counsel;

B. Ordering Defendants to pay actual damages to Plaintiff and other members of the Class;

C. Ordering Defendants to pay statutory damages to Plaintiff and other members of the Class pursuant any and all applicable statutes;

D. Ordering Defendants to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Class;

E. Ordering Defendants to pay for costs and reasonable attorney fees to Plaintiff;

F. Ordering such other or further relief as the Court deems proper.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury of all claims in this complaint so triable.

Respectfully submitted,
**PETER WOKWICZ**

By:  ___ s/ David M. Marco_____
Attorney for Plaintiff

Dated: April 6, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com

Robert J. Tomei Jr.
TOMEI LAW, P.C.
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Telephone:   (847) 596-7494
Facsimile:   (847) 589-2263
E-Mail:       Robert@TomeiLawFirm.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By:   s/ *David M. Marco*
One of Plaintiff's Attorneys