**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PETER WOKWICZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **1:18-cv-02477** |
| | ) | |
| **v.** | ) | **Judge Chang** |
| | ) | **Magistrate Judge Cole** |
| **AT&T CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT INITIAL STATUS REPORT

### 1. Nature of the Case

**a. Identify the attorneys of record for each party, including the lead trial attorney:**

For Plaintiff, Peter Wokwicz
David Marco
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com
Lead Trial Counsel

Larry P. Smith
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com

Robert J. Tomei Jr.
TOMEI LAW, P.C.
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Telephone: (847) 596-7494
Facsimile: (847) 589-2263
E-Mail: Robert@TomeiLawFirm.com



AMECURRENT 728714613.2 24-May-18 09:53

For Defendant, AT&T Corp.
Hans J. Germann
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
Telephone: (312) 701-8792
Facsimile: (312) 706-8169
E-Mail: hgermann@mayerbrown.com

Michael T. Sullivan
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
Telephone: (312) 701-7251
Facsimile: (312) 706-8689
E-Mail: msullivan@mayerbrown.com

**b. State the basis for federal jurisdiction:**

Jurisdiction of this Court arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1691 et seq., and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**c. Describe the nature of the claims asserted in the complaint and any counterclaims:**

This is an action for damages brought by Plaintiff against Defendant on behalf of himself and on behalf of a class for alleged violations of the FCRA, the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/2, the Illinois Personal Information Protection Act (hereinafter, "IL PIPA Act") 815 ILCS 530/10 and 815 ILCS 530/45 and for negligence. Specifically, Plaintiff has alleged, *inter alia*, that Defendant failed to implement reasonable security measures to protect private information, failed to notify Illinois residents of a security breach that resulted in the disclosure

of private information, and impermissibly accessed personal and private credit information.

**d. Major Legal & Factual Issues:**

Whether Defendant is liable for the act of Justin G. Stewart, and Spring Communications Holding, Inc. ("Spring"), his employer.

Whether Defendant had private information of Plaintiff and/or the putative class, whether Defendant had a duty and legal responsibility to protect private information, whether Defendant breached that duty, whether Defendant impermissibly accessed private credit information of Plaintiff and the class, whether there was a security breach, and whether Defendant failed to notify Plaintiff and the class of the security breach that resulted in private information being disclosed to various third-parties.

**e. Describe the relief sought by plaintiff:**

In addition to actual damages cognizable under Plaintiff's claims under the ICFA and the IL PIPA Act, Plaintiff also seeks statutory damages pursuant to the FCRA, punitive damages, plus attorneys' fees and costs.

## 2. Pending Motions and Case Plan

**a. State the status of service of process on each defendant:**

Defendant was served on April 16, 2018.

**b. Identify all pending motions:**

Defendant has filed a Motion to Dismiss Counts II, V, and VI of Plaintiff's Complaint. The Court has set a response deadline of June 12 2018. Plaintiff is currently reviewing Defendant's motion to discern the viability of filing an amended complaint to cure any putative defects in Plaintiff's original pleading.

**c. For cases in the Mandatory Initial Discovery Pilot Project, the following information:**

i. The general type of discovery needed.

Plaintiff anticipates needing discovery pertaining to:

a. Class related discovery relative to the number of potential class members and other information needed to certify a class,
b. Defendant's policies and procedures for securing private credit information;
c. Information pertaining to alleged impermissible credit inquiries by Defendant;
d. Information pertaining to Defendant's commercial relationship with Spring that may have liability in this matter;
e. Defendant's investigation into alleged fraud and identity theft;
f. Communications between Defendant and various third-parties regarding disclosure of private credit information to various third-parties.

Defendant anticipates needing discovery pertaining to:

a. Information pertaining to any prior or current relationship between Plaintiff and AT&T.
b. Information pertaining to any prior or current relationship between Plaintiff and Spring.

ii. The due dates of the Mandatory Initial Discovery disclosures, including the due date of the initial responses and ESI disclosures.

a. Responses to MIDP are due on June 20, 2018
b. ESI Documents are due on July 20, 2018

iii. Provide a description of the parties' discussions of the mandatory initial discovery responses required by the Pilot Project. The report should describe the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues. To the extent that there are any unresolved limitations or discovery issues, the parties shall attach the initial and supplemental responses, as well as any other discovery requests, objections, and responses, which are involved in the unresolved matters. Of course, during the Rule 26(f) conference, parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.

During the parties' Rule 26(f) conference, the parties discussed MIDPP responses and no suggested limitations were invoked by either party.

iv. A date to issue the first-set of written discovery requests

June 29, 2018

v. A fact discovery completion date

Fact discovery will be completed by December 21, 2018.

vi. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony).

Plaintiff shall disclose any experts by January 31, 2019
Defendant shall disclose any experts by March 28, 2019
Expert discovery shall be complete by May 30, 2019
*Daubert* motions be filed by June 28, 2019.

vii. A date for the filing of dispositive motions

Dispositive Motions shall be filed by June 28, 2019

viii. Any amendments to the pleadings or joining of parties shall be by August 15, 2018.

ix. Class Certification motion shall be filed on October 19, 2018.

**d.** For cases not in the Mandatory Initial Discovery Pilot Project, submit a proposal for a discovery plan, including the following information.

n/a

**e. State whether a jury trial is requested and the probably length of trial.**

Plaintiff has made a jury demand; estimated trial length is 3-4 days.

**f. State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**

The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to the primary and secondary email addresses listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be either Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**3. Consent to Proceed Before a Magistrate Judge**

**a.** State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

The parties do not consent to proceed before Magistrate Judge Cole.

**4. Status of Settlement Discussions**

**a.** State whether any settlement discussions have occurred;
There has been only discussion about an individual settlement, which at present is a settlement not contemplated by Plaintiff.

**b.** Describe the status of any settlement discussions; and

Settlement discussions are currently on hold while the parties engage in informal exchange of information to ascertain the viability of a class and/or settlement.

**c.** Whether the parties request a settlement conference.

Not at the present time.

**Dated: May 24, 2018**

**For Plaintiff, Peter Wokwicz**

s/ David M. Marco
David M. Marco
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

Robert J. Tomei Jr.
TOMEI LAW, P.C.
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Telephone: (847) 596-7494
Facsimile: (847) 589-2263
E-Mail: Robert@TomeiLawFirm.com

**For Defendant, AT&T Corp.**

s/ Hans J. Germann
Hans J. Germann
Michael T. Sullivan
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606
Telephone: (312) 701-8792
Facsimile: (312) 706-8169
E-Mail: hgermann@mayerbrown.com
msullivan@mayerbrown.com